NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **ROCCO MAIELLANO, ET AL.** | : | |
| | : | |
| Plaintiff(s), | : | Civil Action No. 06-5835 (JLL) |
| | : | |
| v. | : | |
| | : | |
| **WORLD TRAVEL GROUP, INC.** | : | |
| **ET AL.** | : | |
| Defendant(s). | : | |
| | : | |

**REPORT AND RECOMMENDATION**

    This matter comes before the Court on motion of Plaintiffs Rocco and Christiane Maiellano to enforce the settlement agreement reached between themselves and Defendants Joseph Berardo and World Travel Group on July 14, 2008. The Court has reviewed the submissions in support of and in opposition to the motion. This Report and Recommendation is rendered pursuant to 28 U.S.C. 636(b)(1)(B). For the reasons expressed below, the Undersigned respectfully recommends that the Court enter an Order granting Plaintiffs' motion.

**BACKGROUND**

    On July 14, 2008, the Court held a settlement conference in an attempt to resolve this matter. Defendant Joseph Berardo attended the conference on his own behalf, and on behalf of Defendant World Travel Group.[1] Defendant Berardo was present in Court for most of the conference and participated through his counsel in the negotiation of the settlement terms. Defendant Berardo left the conference shortly before the parties agreed to a final settlement amount, but he remained in contact with his attorneys via cellular telephone and engaged in several telephone conversations regarding the ultimate settlement of this case. After Defendant Berardo left the conference, his counsel represented to Plaintiffs and to the Court that he had been given authority to settle the case. Based on this representation, the Court continued the settlement conference.

    Ultimately, Plaintiffs and Defendants' counsel reached a settlement of this matter. The terms of the settlement were placed on the record by Defendants' counsel and all of the parties represented to this Court that they were in agreement with those terms. *Defendants' counsel* specifically recited on the record the terms of the settlement agreement as follows:

---

[1] Defendant Berardo is a principal of World Travel Group.

> Your Honor, the Defendants have agreed to pay to Plaintiffs the sum of 380,000 Euros as full and final settlement of all claims due in this case, together with any and all obligations of the Defendants under the certain contract in this matter dated February 23, 2004. That payment is inclusive of all obligations up to and including the last year of the contract, which is 2009.
>
> Upon payment and settlement of this matter, there shall be no further obligations between the parties relating to the contract.
>
> A stipulation of settlement will be prepared by the Plaintiffs which said stipulation will contain general releases and the parties shall agree to negotiate same in good faith and execute same.

Tr. at P. 3-4.

After Defendants' counsel placed the terms of the settlement on the record, the Court continued to question the parties regarding their understanding of and agreement with those terms. At that time, Defendants' counsel reaffirmed to the Court that he was in agreement with the terms of the settlement. (Tr. at P.4-5).

On July 16, 2008, the Honorable Jose L. Linares, U.S.D.J. entered an Order dismissing this matter as settled. According to Plaintiffs' counsel, on July 24, 2008, Defendants' counsel left voice messages for each of the Plaintiffs' attorneys stating that there was a "problem" "regarding settlement." (Pl. Brief at P. 5). Plaintiffs' counsel claims that Defendants' attorney went on to state that Defendant Berardo misunderstood the nature of the payment and did not wish to settle for the amount recited before the Court. (Pl. Brief at P. 5). According to Plaintiffs, Defendants' attorney admitted that Mr. Berardo's position "came as a shock to him." (Pl. Brief at P. 5). Plaintiffs' counsel also stated that, in both messages, Defendants' attorney made clear that he had the same understanding of the terms of the settlement as Plaintiffs' counsel did. (Pl. Brief at P. 5).

On July 24, 2008, Defendants' counsel wrote to the Court and stated that, although an agreement to resolve the case was reached on July 14, 2008, and although the terms of the settlement were placed *(by him)* onto the record, his clients had recently advised him that the settlement was not agreeable and was not in accordance with their understanding. On July 29, 2008, the Court ordered the parties to meet and confer in an attempt to resolve this dispute. On August 13, 2008, the Court was advised that the parties were unable to reach an agreement. On September 12, 2008, Plaintiffs filed the instant motion to enforce the settlement of this matter. On February 11, 2009, the Court held a telephonic conference to discuss the motion.

## DISCUSSION

It is well-settled that New Jersey has a strong public policy in favor of settling litigation. See McDonnell v. Engine Distributors, 2007 WL 2814628, *3 (D.N.J. Sept. 24, 2007); Nolan v. Lee Ho, 120 N.J. 465, 472 (1990). Courts will strain to give effect to the terms of a settlement

wherever possible.  See McDonnell, 2007 WL 2814628 at * 3 (citations omitted).  Indeed, "[a]n agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the Court and even in the absence of a writing."  Cooper-Jarrett, Inc. v. Central Transport, Inc., 726 F.2d 93, 96 (3d Cir. 1984) (citations omitted); see also United States v. Lightman, 988 F.Supp. 448, 459 (D.N.J. 1997).  Under New Jersey law, "it is sufficient if the parties orally agree on the essential terms, even though they contemplate the later execution of a formal document to memorialize their undertaking."  McDonnell, 2007 WL 2814628 at * 3 (citing Lightman, 988 F.Supp. at 459).  As long as the parties orally agree to the essential terms, the settlement "will be enforced notwithstanding the fact that a writing does not materialize because a party later reneges."  Id. (citations omitted).

  The policy of upholding settlements is even stronger where, as here, "the parties have settled on the record, thus bringing into play the interest of efficient dispute resolution, management of court calendars and integrity of the litigation process."  Seacoast Realty Co. v. West Long Branch Borough, 14 N.J. Tax 197, 201 (Tax Ct. N.J. 1994).  Accordingly, any party asserting lack of apparent authority "bears a heavy burden," Cohen v. Continental Airlines, 2007 WL 1723442, *2 (D.N.J. June 12, 2007) and, absent clear and convincing evidence of compelling circumstances such as fraud, settlement agreements are readily enforced by New Jersey courts.  See Nolan, 120 N.J. at 472.

  To determine whether attorneys have authority to bind their clients to a settlement agreement, New Jersey courts apply the principles of agency law and look to whether the attorney had actual or apparent authority to settle the matter.  See McDonnell, 2007 WL 2814628 at *8-9; Seacoast, 14 N.J. Tax at 202-03.  An attorney has apparent authority if he or she was knowingly placed by his client in a situation where the other parties were justified in believing that such authority existed.  See Lightman, 988 F.Supp. 448, 464-5.  As Plaintiffs note in their brief, New Jersey courts have specifically held that "[s]ending an attorney to a settlement conference presumptively establishes that the attorney has the authority to settle."  Seacoast, 14 N.J. Tax at 204-05 (citing United States Plywood Corp. v. Neidlinger, 41 N.J. 66, 74 (1963).  Indeed,

> apparent authority may even be found where the principal denies having granted authority to settle, but nevertheless places the attorney in a position where a person of ordinary prudence, conversant with business usages and the nature of the particular business is justified in presuming that such agent has authority to perform the particular act in question.

Id. (quotations omitted).

  In the instant matter, Defendants sent their counsel to attend the settlement conference before the Court.  In so doing, Defendants placed their attorney in a position where all of the parties, as well as the Court, had a reasonable belief that counsel possessed the necessary authority to settle this case.  Moreover, after Defendant Berardo left the conference, counsel expressly stated that he was vested with the authority to settle this matter and he himself recited the terms of the settlement on the record before this Court.  Defendants' counsel clearly had apparent authority to settle this case on his clients' behalf.

  Defendants argue that the Court should not enforce the settlement agreement because they wished to settle this matter on terms different than those placed onto the record by their counsel.

3

Because counsel had apparent authority to enter into the settlement he placed on the record on July 14, 2008, this argument is unavailing. New Jersey law is clear that when an attorney is given apparent authority to settle a case on behalf of his client, and an agreement is reached, that agreement is binding and enforceable regardless of whether the attorney actually had the authority to settle the case. See <u>Sheet Metal Workers Int'l Ass'n Local 27 Annuity v. New Brunswick General Sheet Metal Works,</u> 67 Fed. Appx. 159, 2003 WL 21500335 (3d Cir. June 30, 2003). Defendants' counsel concedes that he did not misunderstand the terms of the settlement he recited on the record. Rather, counsel states that there was a misunderstanding regarding the settlement between him and his client. Such a misunderstanding does not provide this Court with a basis to recommend that Plaintiffs' request to enforce the settlement agreement be denied.

## **CONCLUSION**

Counsel for Defendants, Plaintiffs, and the Court all had the same understanding of the terms and amount of the settlement reached before the Court and placed by Defendants' counsel onto the record on July 14, 2008. Defendants' counsel had the requisite authority to bind his clients to those terms. Accordingly, the Court is constrained to recommend that the settlement agreement in this matter be enforced.

                    Respectfully submitted,

                    *s/ Claire C. Cecchi*
                    **HON. CLAIRE C. CECCHI**
                    **United States Magistrate Judge**
                    **Dated: March 9, 2009**